UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JACOB SHAPIRO,

    Plaintiff,

- against -

UNITED STATES OF AMERICA,

    Defendant.

MEMORANDUM ORDER

07 Civ. 161 (PKL)

**LEISURE, District Judge:**

    Plaintiff Jacob Shapiro ("Mr. Shapiro") brought this action on January 9, 2007, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, after he slipped and fell in a hospital owned and operated by the United States Department of Veteran Affairs. The Court held three pre-trial conferences in 2007. At the second conference, on July 26, 2007, Mr. Shapiro's attorney, Jonathan Rice, Esq., informed the Court that he was having difficulty contacting his client, adding that Mr. Shapiro may have dementia. Mr. Rice's attempts to contact Mr. Shapiro's son, Steve Shapiro, who had purportedly promised to pay for his father's attorney's fees, were also unsuccessful. Counsel's inability to communicate with his client precluded any meaningful response to the Government's discovery demands. Accordingly, the parties were unable to complete discovery by November 1, 2007, the date contemplated by the case management plan.

1

On November 28, 2007, the Court held a third conference, at which time Mr. Rice requested permission to file a motion to withdraw as counsel of record, indicating that he had still not spoken with Mr. Shapiro or his son despite multiple attempts by letter and telephone. The motion, which was sent to Mr. Shapiro's home address, was granted by the Court on November 29, 2007. With no subsequent action taken by or on behalf of Mr. Shapiro, the Government moved on January 28, 2008 under Federal Rule of Civil Procedure 41(b) to dismiss plaintiff's complaint for failure to prosecute.

Rule 41(b) authorizes district courts to dismiss an action "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) ("Federal courts from the start have been the steadfast protectors of a defendant's right to be free from idle procrastination on the part of the plaintiff."). Although involuntary dismissal is a valuable tool for preventing undue delays and avoiding docket congestion, Link, 370 U.S. at 629-31, "it is also one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court," U.S. ex

rel. Drake v. Norden Sys. Inc., 375 F.3d 248, 251 (2d Cir. 2004). As such, it should only be employed in "the most extreme circumstances." Id.; see Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (describing a Rule 41(b) dismissal as "a harsh remedy to be utilized only in extreme situations").

In reviewing a district court's decision to dismiss a suit for failure to prosecute, the Second Circuit limits its inquiry to whether the district court abused its discretion. See, e.g., Shannon v. Gen. Elec. Co., 186 F.3d 186, 193 (2d Cir. 1999). In making this determination, the Court considers five principal factors:

> (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and, (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Id. at 193-94 (quoting Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). "'Generally, no one factor is dispositive.'" Id. (quoting Nita, 16 F.3d at 485). Moreover, *pro se* plaintiffs should be afforded special leniency with respect to procedural matters, and therefore, "deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are

3

sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Although Mr. Shapiro was represented by counsel during the period in which discovery was to take place, he is nevertheless proceeding *pro se* at this stage, and the Court will grant him the appropriate leniency. With respect to the five factors articulated by the Second Circuit, the Court finds that, although the first, third, and fourth factors support dismissal of plaintiff's claims, the second and fifth factors militate against dismissal at this juncture.

Mr. Shapiro failed to communicate with his attorney for the entirety of discovery, thereby impeding any progress in the case. Discovery began on May 1, 2007 and has not moved beyond the Government's response to plaintiff's discovery demands, wholly due to Mr. Shapiro's failure to participate in his own action. The Court deems such a delay unreasonable, see, e.g., Stoute v. Rockefeller Found., No. 93 Civ. 2628, 1995 U.S. Dist. LEXIS 17875, at *5-6 (S.D.N.Y. Nov. 30, 1995) (dismissing the action where plaintiff "never advanced his case by taking any discovery on his own behalf . . . [and] has shown no interest in pursuing his claims against [defendant]"), and "'prejudice to defendants resulting from unreasonable delay may be presumed.'" Lesane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001) (quoting Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)); see also Lediju v. New

4

York City Dep't of Sanitation, 173 F.R.D. 105, 111 (S.D.N.Y. 1997). Further, as to the fourth factor articulated by the Second Circuit, "there can be no assertion by plaintiff[] that the dismissal of this action denies [him his] right to due process and a fair opportunity to be heard [where] . . . dismissal results from plaintiff['s] own conduct." Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 67 (S.D.N.Y. 1989) (Leisure, J.). Accordingly, the first, third, and fourth factors support the Government's motion to dismiss.

The Court hesitates to dismiss Mr. Shapiro's action, however, without first giving him a direct warning that his case will be dismissed for failure to prosecute. See James W.M. Moore, Moore's Federal Practice, ¶ 41.51[3][i] (3d ed. 2007) (describing "alternative sanctions that might be considered" under the fifth factor as "assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and *explicit warnings*") (emphasis added and internal quotation marks omitted). Based upon letters that Mr. Shapiro and his son received from Mr. Rice, they are undoubtedly aware that their dilatory conduct has obstructed this action. Nevertheless, Mr. Shapiro has never directly been warned by this Court that his failure to prosecute could lead to the dismissal of his case. The second factor thus cuts against dismissal. See

5

Drake, 375 F.3d at 255 (finding that notice was insufficient because it did not caution plaintiff that additional delays would lead to dismissal); Lucas, 84 F.3d at 535 ("A warning to a *pro se* litigant must be more specific before it will constitute a warning for the purpose of th[e failure to prosecute] analysis.").

In light of this precedent, it would be unduly harsh to dismiss plaintiff's action without a prior explicit warning. Let this memorandum order serve as such an admonition: Mr. Shapiro or a person with the authority to appear on his behalf, such as his son, are ORDERED to appear before this Court at 500 Pearl Street, Courtroom 18B, New York, New York on June 26, 2008 at 10:30 a.m. If nobody appears, the Government's motion to dismiss plaintiff's complaint will be granted at that time.

**SO ORDERED.**

**New York, New York**

May **15**, 2008

_____
U.S.D.J.

Copies of this Order have been sent to:

Jacob Shapiro
2435 Kingsland Avenue
Bronx, New York 10469

Steve Shapiro
2435 Kingsland Avenue
Bronx, New York 10469

Carolina A. Fornos, Assistant United States Attorney
Southern District of New York

Jonathan Rice, Esq.
247 West 35th Street, 12th Floor
New York, NY 10001